UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT | ) | ML No:  20-259 |
| TO 18 U.S.C. § 3512 FOR ORDER FOR | ) | |
| COMMISSIONER'S APPOINTMENT FOR A | ) | |
| SEXUAL ASSAULT INVESTIGATION | ) | |

*Reference:      DOJ Ref. # CRM-182-72022*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Christine Olson, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Canada.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Canada, the International Assistance Group for the

Minister of Justice of Canada, submitted a request for assistance (the Request) to the United

States, pursuant to the Treaty Between the United States of America and the Government of

Canada on Mutual Legal Assistance in Criminal Matters, U.S.-Can., Mar. 18, 1985, S. TREATY

DOC. NO. 100-14 (1988) (the Treaty).  As stated in the Request, the Ottawa Police Service

(OPS), located in Ottawa, Canada, is investigating a sexual assault, which occurred on or about

April 7, 2019, in violation of the criminal law of Canada, specifically, Sections 271, 246(b), and 279(1)(a) of the Criminal Code of Canada.  Under the Treaty, the United States is obligated to assist in response to the Request.

2.      According to Canadian authorities, the Victim was sexually assaulted by Edward Ekiyor in the early morning of April 7, 2019.  She had been introduced to Ekiyor the night before while socializing at a bar.  When she left the bar in the early morning of April 7, 2019, she "could only see black," and was fading in and out of consciousness.  Canadian authorities have reason to believe Ekiyor intentionally drugged the Victim.  The Victim was driven to a house, for which she later located the address via location services on her cellular telephone.  Once inside the house, she was led to a couch and raped by Ekiyor.  Ekiyor sent the Victim home in an Uber at about 4:00 a.m. on April 7, 2019.  On April 11, 2019, the Victim contacted OPS and reported the sexual assault.

3.      Ekiyor was scheduled to attend Xavier University in Cincinnati, Ohio, in the fall of 2016.  In August 2016, he returned, however, to Carleton University in Ottawa, Canada.  The Xavier University Police Department informed Canadian authorities that Ekiyor was the subject of a sexual misconduct investigation prior to his return to Ottawa in 2016.

4.      To further the investigation, Canadian authorities have asked U.S. authorities to provide the following records from the Xavier University Police Department in Ohio:

- Certified copies of all documents related to the Title IX investigation of Edward Ekiyor by Xavier University and Xavier University Police Department, including police reports and notes, witness and complainant statements, and statements by Edward Ekiyor; and

- An official document or letter explaining what led to Edward Ekiyor leaving Xavier University.

## LEGAL BACKGROUND

5.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions

of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura

v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801);

United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty

should be construed liberally "to give effect to the purpose which animates it."  United States v.

Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the

provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes

the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.      The United States and Canada entered into the Treaty to promote more effective

judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl.

The Treaty obligates each party, upon request, to provide assistance to the other in criminal

investigations, prosecutions, and related proceedings, including assistance in serving documents,

obtaining testimony, statements, records, and executing searches and seizures.  Treaty, art. II,

para. 2.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use

compulsory measures to further the execution of such requests.  Treaty, art. VII, para. 1 ("The

Courts of the Requested State shall have jurisdiction to issue subpoenas, search warrants or other

orders necessary to execute the request.").

7.      When executing a treaty or non-treaty request for assistance from a foreign

authority, an attorney for the government may file an application to obtain any requisite court

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and

provides in pertinent part:

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

           *              *              *

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

           *              *              *

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities. See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782). When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations. See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

necessary to execute a foreign request.

9.     An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  *See* 18 U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

10.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

---

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

<u>REQUEST FOR ORDER</u>

11.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the International Assistance Group for the Minister of Justice of Canada, the designated Central Authority in Canada, and seeks assistance in the investigation of sexual assault—a criminal offense in Canada.  The requested Order is necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of business records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

12.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.  When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (<u>i.e.</u>, no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and

the applicable treaty likewise should require no notice other than to the recipients.  Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person or entity other than the recipient(s) of any given commissioner subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Christine Olson, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:     *Christine L. Olson*
Christine Olson
Trial Attorney
New York Registration Number 4750873
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 305-9003
Christine.Olson@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
IN RE APPLICATION OF USA PURSUANT        )
TO 18 U.S.C. § 3512 FOR ORDER FOR            )
COMMISSIONER'S APPOINTMENT FOR          )
*[Insert Nature of Case/Investigation]*             )
                                                                    )
_____)

*Reference:*        *[Insert DOJ#]*
**(Please repeat when responding.)**

## COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert

Country]*, command that you provide the following documents regarding (an) alleged

violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation

of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code:

Provide records to International Affairs Specialist *[Insert Name]* by emailing them to

*[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any

commonly used digital storage device loaded with the files to the following mailing address by

_____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

For failure to provide records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

_____
COMMISSIONER
*[Insert Name]*
Trial Attorney
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) *[Insert Number]*
*[Insert Email Address]*

2